Goatworld, Ltd. v. Vermont Liquor Control Board, No. 325-6-02 Wncv  (Teachout, J., Apr. 17, 2003)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


### STATE OF VERMONT
### WASHINGTON COUNTY, SS.


| | | |
|---|---|---|
| **GOATWORLD, LTD., d/b/a,** | ) | |
| **RED SQUARE BAR & GRILL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Washington Superior Court** |
| **v.** | ) | **Docket No. 325-6-02 Wncv** |
| | ) | |
| **VERMONT LIQUOR CONTROL** | ) | |
| **BOARD,** | ) | |
| **Defendant.** | ) | |


### MEMORANDUM OF DECISION


Plaintiff, a liquor licensee, initiated this action on June 4, 2002 seeking declaratory relief in the form of a declaration of its right to conduct depositions for discovery purposes prior to a merits hearing before the Liquor Control Board addressing alleged violations, and also seeking an injunction to delay a hearing scheduled for the following day until the deposition issue could be resolved.  Defendant, the Vermont Liquor Control Board (hereinafter "Board"), filed two separate Motions to Dismiss for lack of subject matter jurisdiction, one for failure to exhaust administrative remedies and lack of standing, and the other for mootness, as the underlying action had been resolved.  Plaintiff is represented by Jane Osborne McKnight, Esq.  The Board is represented by George C. Haegele IV, Esq., and Caroline S. Earle, Esq.  For the following reasons, the court concludes that the request for an injunction is moot, and subject matter jurisdiction is not present with respect to the facts originally relied upon, although a factual basis for jurisdiction may arise again.

The heart of this case is Plaintiff's claim that the Board refuses to honor statutory provisions permitting Plaintiff to depose a witness for discovery purposes in conjunction with Board hearings.  The motion to enjoin the June 5, 2002 hearing is clearly moot at this time, and therefore the Motion to Dismiss the request for an Injunction is granted.  The Board characterizes its other motion as brought under Rule 12(b)(6) (failure to state a claim) rather than under Rule

12(b)(1) (lack of subject matter jurisdiction), but the gist of the argument is that this court has no subject matter jurisdiction based on the content of the complaint. Plaintiff has responded to the Board's arguments with a wealth of extra-pleading material.

While extra-pleading material would be inappropriate for a motion under Rule 12(b)(6), extra-pleading material offered to show subject matter jurisdiction under Rule 12(b)(1) is not inappropriate. See generally 5A C. Wright & A. Miller, Federal Practice and Procedure Civil 2d § 1350, pp.213-20 (discussing ability of parties to present extra-pleading materials when litigating subject matter jurisdiction). The burden of proof remains with the plaintiff as the party asserting jurisdiction. Id. § 1350, p. 226. The court is not required to accept as true all factual allegations in Plaintiff's non-pleading materials. Rather, the trial court is empowered to make findings of fact as necessary to determine subject matter jurisdiction. See Id. § 1350, p. 234, and cases cited at fn.52.

The vast majority of the extra-pleading material in this case consists of letters from either Attorney McKnight, or her legal assistant, to Attorney Haegele, the attorney for the Board, or individuals in the employ of the Vermont Department of Liquor Control (hereinafter "Department").[1] These letters imply that certain individuals made certain oral statements to Attorney McKnight or her staff on behalf of the Board. The Board, in its reply to Plaintiff's response, has neither confirmed nor denied any of the material allegations, apparently assuming that its arguments render Plaintiffs' extra-pleading allegations irrelevant. Because the Board does not dispute any of these extra-pleading allegations, the court accepts them as true for purposes of addressing the jurisdiction issue, and summarizes all the facts as follows.

Plaintiff operates a cabaret in Burlington known as Red Square. Paula Niquette, an inspector for the Vermont Department of Liquor Control (Department), filed a report alleging violations which occurred during a December 31, 2001 New Year's Eve celebration at Red Square. A hearing on the merits of the alleged violations eventually was scheduled to take place before the Board on June 5, 2002.

Prior to the hearing, Attorney McKnight (representing Plaintiff before the Board) sought to depose Ms. Niquette and to subpoena records from the Department Custodian of Records. Attorney McKnight's legal assistant communicated (apparently orally) with William J. Goggins, Director of the Enforcement and Licensing Division, to determine procedures for issuance of subpoenas. Attorney McKnight characterizes the reply (apparently oral) from Mr. Goggins as stating that no such procedures existed, no subpoena forms existed, and Attorney McKnight could use an adapted Superior Court form subpoena.

Plaintiff's attorney prepared the subpoenas and served them. Attorney Haegele then contacted (apparently orally) Attorney McKnight's office indicating that depositions had never

---

[1]The Board is the entity that conducts administrative hearings in enforcement actions initiated by the Department.

occurred in previous cases, were not practical, would not occur in this case, and Attorney McKnight could file a declaratory judgment action if she wanted a court ruling on the matter. Attorney McKnight later made an oral request to Attorney Haegele to stay the proceedings during the pendency of the declaratory judgment action. The declaratory judgment action was filed with this court on June 4, 2002.

Records were produced complying with the subpoena to the Custodian of Records. The deposition of Inspector Niquette, however, never occurred. Attorney Haegele informed (apparently orally) Attorney McKnight late on June 4, 2002 that the June 5 hearing would not be stayed. The hearing on the merits before the Board occurred the next day. At that hearing, a stipulated settlement resolving the underlying violations was reached before the Board made any rulings.

Thereafter, the Board, through Attorney Haegele, filed motions to dismiss in this case styling its arguments as follows: 1) Plaintiff failed to exhaust its administrative remedies before the Board by never actually seeking a subpoena from the Board under 7 V.S.A. § 236(d), and as a result, the Board never took, or failed to take, any action for which it can be hailed into court ; 2) in any event, because of the settlement of the underlying violations without Board rulings, no case or controversy now exists.

Plaintiff's claim is that it has a right to depose witnesses for discovery purposes before a hearing on the merits of alleged violations before the Board. Specifically, Plaintiff cites to 7 V.S.A. § 236 (suspension or revocation of license or permit; administrative penalty). Subsection (d) states in pertinent part: "The board shall subpoena any person in this state to appear for a hearing or for a deposition in the same manner as prescribed for judicial procedures."

The Board neither agrees with nor disputes Plaintiff's asserted right to depose witnesses. Rather, the Board asserts that it never issued any decision denying any right to depose witnesses or refusing to issue subpoenas.

The record suggests that even if Plaintiff came to believe that it would not be permitted to depose witnesses based on its attorney's conversations with Attorney Haegele, no actual request to issue or enforce a subpoena was in fact made to the Board prior to the hearing. The only time the issue was ever presented to the Board was at the hearing itself, and the case had settled so the Board had no need to render a decision. Whether the circumstances are characterized as a lack of a justiciable controversy or as a failure to exhaust administrative remedies, the result is the same: without an actual controversy, this court has no ability to issue a decision on Plaintiff's rights. To do so would be to issue an advisory interpretation of 7 V.S.A. § 236(d), and advisory opinions are beyond the constitutional authority of the court. Parker v. Town of Milton, 169 Vt. 74, 77 (1998). Subject matter jurisdiction does not now exist as to the matter that brought about the filing of this case.

At a motions hearing in this case on October 15, 2002, the Plaintiff raised the issue that this dynamic is likely to occur again when the Department claims violations of regulations and

3

Board hearings are scheduled, and Plaintiff has expended considerable resources only to have the court decide against addressing the underlying issue because the particular issue is moot. The court is aware that Plaintiff received a second notice of violations alleged to have occurred on September 11, 2002, and a third notice of violation said to have occurred January 25, 2003.

In order to avoid wasted effort on the part of the parties to this case, and to avoid requiring Plaintiff to file a new case to address the same issue if it arises in subsequent violations proceedings, Plaintiff is given leave to amend the complaint within 120 days so as to present an actual case and controversy with supporting facts. If no amended complaint is filed in 120 days, the Motion to Dismiss will be granted.

## Order

For the foregoing reasons,

The Motion to Dismiss the Request for Injunction is *granted*, and

Plaintiff has leave to amend the complaint within 120 days as set forth above in which case the Motion to Dismiss will be denied; if no amended complaint is timely filed, the Motion to Dismiss will be granted.

Dated at Montpelier, Vermont this __ day of April, 2003.

_____
Mary Miles Teachout
Superior Court Judge

4